**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| KINGTOM ALUMINIO S.R.L., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; ALEJANDRO MAYORKAS, *in his official capacity as Secretary of the Department of Homeland Security;* TROY A. MILLER, *in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection,* <br><br> Defendants. | Court No. 24-00264 |

## <u>COMPLAINT</u>

Kingtom Aluminio S.R.L. ("Kingtom" or "Plaintiff"), by and through counsel, brings this Complaint against Defendant United States of America, Defendant U.S. Department of Homeland Security ("DHS"), Defendant U.S. Customs and Border Protection ("Customs"), Defendant Alejandro N. Mayorkas, in his official capacity as Secretary of the Department of Homeland Security, and Defendant Troy A. Miller, in his official capacity as the Senior Official Performing the Duties of the Commissioner for U.S. Customs and Border Protection (collectively, "Defendants" or "Government"), and alleges as follows:

1.      This case involves the Government publishing a notice declaring Kingtom "guilty" of engaging in forced labor practices pursuant to 19 U.S.C § 1307 without providing Kingtom with any prior notice that it was under investigation, without providing an explanation for or citing to any evidence that supports its finding, and without providing Kingtom with

access to the administrative record.  *Notice of Finding That Aluminum Extrusions and Profile Products and Derivatives Produced or Manufactured Wholly or in Part by Kingtom Aluminio S.R.L. With the Use of Convict, Forced or Indentured Labor Are Being, or Are Likely To Be, Imported Into the United States*, 89 Fed. Reg. 96,265 (Dec. 4, 2024) ("*Finding*").  In its rush to judgment, the Government skipped right over the normal regulatory progression that begins with a withhold release finding as per 19 C.F.R. § 12.42(e) and then progresses to a conclusive finding under 19 C.F.R. § 12.42(f).  Instead, in the *Finding* the Government concludes that Kingtom produces merchandise with convict, forced, or indentured labor without providing any evidentiary support, rationale, or explanation.  Nor does the *Finding* even attempt to explain or demonstrate that Kingtom's merchandise is produced with "forced labor" as that term is defined pursuant to 19 U.S.C. § 1307.

2.    Kingtom understands that forced labor is a serious matter.  However, the forced labor determination made in the *Finding* is effectively an embargo that will result in Kingtom having to shutter its operations in the Dominican Republic and likely having to file for bankruptcy, since its business is almost exclusively focused on the U.S. market.  Kingtom disputes that it has engaged in forced labor practices and brings this action to stay in business and defend its good name against this baseless forced labor determination.[1]

---

[1] Because Kingtom's unreleased and prospective imports have been, and will be, summarily detained without warning and without any opportunity to contest the agency allegations against it, this Court should expedite this action.  Kingtom also respectfully asks this Court to expedite this action *sua sponte* and, as of the date of this Complaint, intends to move for expedited action pursuant to CIT R. 3(g)(5).

**Parties**

3.      Kingtom is a manufacturer and exporter of aluminum extrusions in the Dominican Republic, and also acts as a non-resident U.S. importer of record for certain imports of aluminum extrusions.

4.      Defendant the Department of Homeland Security is a federal agency headquartered in the District of Columbia with its principal office located at 245 Murray Lane S.W., Washington, D.C. 20528.

5.      Defendant U.S. Customs and Border Protection is a federal agency headquartered in the District of Columbia with its principal office located at 1300 Pennsylvania Avenue, N.W., Washington, D.C. 20229.  Customs is an agency within DHS.  Among other duties, Customs enforces federal laws regulating the importation of goods into the United States.

6.      Defendant Secretary Alejandro N. Mayorkas is sued solely in his official capacity as Secretary of DHS.  In that capacity, Secretary Mayorkas has the ultimate responsibility for the activities of DHS and Customs, including actions complained of herein.  Secretary Mayorkas maintains an office at 245 Murray Lane S.W., Washington, D.C. 20528.

7.      Defendant Troy A. Miller is sued solely in his official capacity as Senior Official Performing the Duties of the Commissioner for Customs.  In that capacity, Mr. Miller is responsible for the activities of Customs, including the actions complained of herein.  Mr. Miller maintains an office at 1300 Pennsylvania Avenue, N.W., Washington, D.C. 20229.

8.      Defendant United States of America is the statutory defendant pursuant to 28 U.S.C. § 1581(i)(1) and 5 U.S.C. § 702.

**Statement of the Case**

9.      Section 307 of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1307

("Section 307") prohibits the importation of any product manufactured in whole or in part with

the use of forced labor.  "Forced labor" is defined by statute to mean "all work or service which

is exacted from any person under the menace of any penalty for its nonperformance *and for*

*which the worker does not offer himself voluntarily*."  19 U.S.C. § 1307 (emphasis added).

10.      If any port director or Customs officer has reason to believe that merchandise is

being produced with forced labor, the Customs official, or any person outside the agency who

has reason to believe that the merchandise is produced with forced labor, shall communicate his

or her belief to the Commissioner of Customs. 19 C.F.R. §§ 12.42(a)-(b).

11.      "Upon receipt" of such a communication, Customs' regulations require the

Commissioner to undertake an investigation in which "the Commissioner or his designated

representative will consider any representations offered by foreign interests, importers, domestic

producers, or other interested persons." 19 C.F.R. § 12.42(d).  As mentioned, Kingtom was not

made aware of any such investigation and was not granted the opportunity to provide any

"representations" in the course of that investigation, as required by Customs' regulations.

12.      Customs typically enforces the prohibition against forced labor *first* through the

issuance of Withhold Release Orders ("WROs"), on the basis that Customs has received

information that "reasonably but not conclusively indicates that merchandise within the purview

of section 307 is being or is likely to be imported."  *Finding*, 89 Fed. Reg. at 96,265 (citing

19 C.F.R. § 12.42(e)); *see also* U.S. Customs and Border Protection, *Forced Labor Frequently*

*Asked Questions: Withhold Release Orders (WROs) and Findings*, https://www.cbp.gov/

trade/forced-labor/frequently-asked-questions (last accessed Dec. 20, 2024) (attached hereto as

**Attachment 1**).  Pursuant to a WRO, Customs detains the imported articles allegedly produced using forced labor while permitting the importer the opportunity to (a) certify that the imported articles were not manufactured in whole or in part with forced labor and (b) provide a statement asserting evidentiary grounds for the importer's certification that the articles were not produced in whole or in part with forced labor.  *See* 19 C.F.R. §§ 12.43(a)-(c); *Finding*, 89 Fed. Reg. at 96,265.  In this case, Customs did not issue a WRO prior to its *Finding* and provided Kingtom neither the opportunity to certify or assert evidentiary grounds that the imported articles were not manufactured with forced labor.

13.     If the Commissioner determines that the merchandise is subject to section 307, the Commissioner will publish a *Finding* to that effect in the *Federal Register*.  19 C.F.R. § 12.42(f).  Any merchandise subject to a *Finding* is considered and treated as a prohibited import and will not be entered into the United States.  19 C.F.R. § 12.42(g); 19 U.S.C. § 1307.

14.     As mentioned, Customs skipped over the WRO process and instead published a *Finding* in the *Federal Register* in which it "determined that there is sufficient information to support a *Finding* that Kingtom Aluminio S.R.L. is using convict, forced, or indentured labor in a factory in the Dominican Republic to produce or manufacture in whole or in part aluminum extrusions and profile products and derivatives."  *Finding*, 89 Fed. Reg. 96,265.  Customs accordingly found that articles "produced or manufactured in whole or in part with the use of convict, forced, or indentured labor by Kingtom Aluminio S.R.L., are being, or are likely to be, imported into the United States."  *Finding*, 89 Fed. Reg. 96,265.

15.     The *Finding* does not provide any evidentiary support, rationale, or factual basis for its conclusion that Kingtom's imports were produced in whole or in part with the use of forced labor.  Nor does the *Finding* provide any grounds to suspect or conclude that there is

"work or service which {has been} exacted from any person under the menace of any penalty for its nonperformance and for which the worker {has} not offer{ed} himself voluntarily" as required by 19 U.S.C. § 1307.[2]

16.    On the same day that Customs published the *Finding*, it also published a press release that stated: "CBP identified the following International Labour Organization {("ILO")} forced labor indicators during its investigation of Kingtom Aluminio S.R.L.: abuse of vulnerability, intimidation and threats, deception, withholding of wages, physical and sexual violence, restriction of movement, and excessive overtime."  *See* U.S. Customs and Border Protection, *CBP will seize aluminum products manufactured using forced labor by Chinese-owned, Dominican based company*, https://www.cbp.gov/newsroom/national-media-release/cbp-will-seize-aluminum-products-manufactured-using-forced-labor (last accessed Dec. 4, 2024) (attached hereto as **Attachment 2**) ("Press Release"); *see also* U.S. Customs and Border Protection, "CSMS # 63273746 - Finding on Kingtom Aluminio S.R.L.'s Aluminum Extrusion and Profile Products from Dominican Republic" (Dec. 4, 2024) (attached hereto as **Attachment 3**).  The ILO indicators are not part of or referenced by 19 U.S.C. § 1307 or CBP's relevant regulations at 19 C.F.R. §§ 12.42-12.44.  The ILO indicators identified by Customs in its Press Release do not equate to a determination that there exists a finding of forced labor as defined by 19 U.S.C. § 1307.  Nor do the ILO factors relate to the question of whether the labor is voluntary or involuntary (forced) as required by the definition of forced labor in 19 U.S.C. § 1307.

---

[2] Because Kingtom is unaware of the grounds for Customs' Finding, Kingtom anticipates the need to amend this Complaint after Customs produces administrative materials in the course of this action to support its determination, if any exist.

17.     As a result of the *Finding* that Kingtom produces merchandise with forced labor, all entries of Kingtom's merchandise are considered and treated as prohibited merchandise that is not entitled to entry into the United States pursuant to 19 U.S.C. § 1307.  In the *Finding*, Customs notes that its port directors will "seize the covered merchandise for violation of 19 U.S.C § 1307."  *Finding*, 89 Fed. Reg. 96,265.  The *Finding* applies to merchandise "imported on or after December 4, 2024" and any merchandise "that has already been imported and has not been released from CBP custody before December 4, 2024."  *Finding*, 89 Fed. Reg. 96,265.

18.     In its Press Release, Customs stated that "effective immediately, CBP personnel at all U.S. ports of entry will seize aluminum extrusion and profile products manufactured by Kingtom Aluminio S.R.L."  *See* Press Release (**Attachment 2**); CSMS Message (**Attachment 3**).  As of the date of this filing, Customs has detained but has not legally seized merchandise produced and imported by Kingtom pursuant to the *Finding*.  In light of this embargo of its imports, Kingtom cannot perform its contractual obligations on its sales to customers because its merchandise is prohibited merchandise that is not entitled to entry into the United States pursuant to 19 U.S.C. § 1307 as a result of the *Finding*.  Nor can Kingtom continue to produce and export its merchandise to the United States because that merchandise will also be detained and/or seized pursuant to the *Finding*.

19.     This action followed.

## **Standing**

20.     Kingtom is the subject of the *Finding* and the entity whom Customs has found to be producing merchandise using forced labor.  98 Fed. Reg. 96,265.  Kingtom is also the non-resident U.S. importer of record on merchandise that is subject to seizure pursuant to the

*Finding*.  The embargo against entry of Kingtom's merchandise into the United States has caused Kingtom to be unable to deliver merchandise sold to U.S. customers pursuant to contract and tarnished its reputation and goodwill with its U.S. customers.  Customs' actions have directly caused Kingtom concrete and imminent harm that is redressable by this Court.

21.    Kingtom thus has standing to sue because it is "adversely affected or aggrieved by agency action within the meaning of" the APA.  5 U.S.C. § 702; *see* 28 U.S.C. § 2631(i).

## Jurisdiction And Venue

22.    This Court has jurisdiction pursuant to 28 U.S.C. § 1581(i)(1)(C)-(D) because the *Finding* is tantamount to an embargo.  *See* 19 U.S.C. § 1581(i); *see also Ninestar Corp. v. United States*, 666 F. Supp. 3d 1351, 1361-62 (Ct. Int'l Trade 2023) ("The CIT has indeed adjudicated forced labor cases under section 307 as part of its § 1581(i) jurisdiction over embargoes.").  The *Finding* effectively bars Kingtom's merchandise from being sold in the United States, and thus also constitutes "final agency action," 5 U.S.C. § 704, because it "mark{s} the consummation of the agency's decisionmaking process" and "the action {is} one by which rights or obligations have been determined, or which legal consequences will flow."  *Bennet v. Spear*, 520 U.S. 154, 177-78 (1997) (internal quotation marks omitted).

## Timeliness

23.    A plaintiff must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues."  28 U.S.C. § 2636(i).

24.    Customs published its *Finding* in the *Federal Register* on December 4, 2024.  *Finding*, 89 Fed. Reg. 96,265.  Therefore, this action is filed within two years after the cause of action accrued.

**Statement Of Claims**

25.     The Court shall hold unlawful and set aside agency action, findings, and conclusions found to be (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or (b) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.  5 U.S.C. § 706.

**Count One**

26.     Plaintiff hereby incorporates by reference paragraphs 1-25 of this Complaint.

27.     Customs' determination in the *Finding* that merchandise produced by Kingtom are manufactured with the use of forced labor pursuant to 19 U.S.C. § 1307 is in excess of statutory jurisdiction, authority or limitations, or short of statutory right, and is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because Customs has not explained or made any determination that the labor employed by Kingtom is "forced labor" as that term is statutorily defined.

**Count Two**

28.     Plaintiff hereby incorporates by reference paragraphs 1-27 of this Complaint.

29.     Customs' determination in the *Finding* that merchandise produced by Kingtom are manufactured with the use of convict, forced, or indentured labor is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law because the *Finding* is not supported by substantial evidence.  *See Ass'n of Data Processing Serv. Orgs., Inc. v. Bd. Of Governors of the Fed. Rsrv. Sys.*, 745 F.2d 677, 683-84 (D.C. Cir. 1984) (Scalia, J.) (agency action is arbitrary and capricious when it is not supported by substantial evidence).

**Demand For Relief**

WHEREFORE, Plaintiff respectfully prays that the Court:

(a)     Find that Customs' *Finding* is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(b)     Find that Customs' *Finding* is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(c)     Hold unlawful and set aside Customs' actions, findings and conclusions in the *Finding*; and

(d)     Grant Plaintiff such further and additional relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Brady W. Mills
Brady W. Mills
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Mary S. Hodgins
Eugene Degnan
Jordan L. Fleischer
Nicholas C. Duffey
Ryan R. Migeed
**MORRIS, MANNING & MARTIN LLP**
1333 New Hampshire Avenue, N.W.,
Suite 800
Washington, D.C. 20036

*Counsel to Plaintiff Kingtom Aluminio
S.R.L.*

Dated:  December 23, 2024

**Attachment 1**



U.S. Customs and Border Protection

# Forced Labor Frequently Asked Questions



Check the Frequently Asked Questions below to see if your questions about forced labor may be answered here.

 Close all     Open all

## Forced Labor vs. Indentured Labor                                    −

### How does CBP define forced labor and how does that differ from indentured labor?

CBP defines forced labor, in accordance with the provisions of 19 U.S.C. 1307, as "all work or service which is exacted from any person under the menace of any penalty for its nonperformance and for which the worker does not offer himself voluntarily." Indentured labor is defined as work or service performed pursuant to a contract, the enforcement of which can be accomplished by process or penalties. The terms "forced labor and indentured labor" include forced or indentured child labor.

## Allegations                                                                                  —

### How can allegations of forced labor be reported?

Allegations of forced labor should be submitted via CBP's e-Allegations Online Trade Violation Reporting System. Please reference the Allegation Submission Checklist and Recommended Guidelines for Supporting Documentation, described below, when submitting forced labor allegations.

- Allegation Submission Checklist: outlines what types of information are most useful to U.S. Customs and Border Protection for processing forced labor allegations.

- Recommended Guidelines for Supporting Documentation: provides suggested guidance to streamline supporting document submissions for U.S. Customs and Border Protection (CBP) forced labor allegation petitions and Withhold Release Order/Finding modification requests. The guidelines provide a standardized approach for petitioners to efficiently organize their supporting documents and clearly tie them to the forced labor allegation or remediation efforts.

### What are the information requirements for an allegation that goods are made with forced labor?

Under 19 CFR 12.42(b), allegations shall include: "(1) a full statement of the reasons for the belief; (2) a detailed description or sample of the merchandise; and (3) all pertinent facts obtainable as to the production of the merchandise abroad."

## Are all allegations acted on? Does CBP target specific industries/commodities?

CBP reviews all allegations and high-risk areas related to trade enforcement issues. Forced Labor allegations are referred to CBP's Forced Labor Division for investigation. CBP acts on information received from a number of sources and evaluates information identifying specific industries, commodities, manufacturers, exporters, or merchandise - on a case by case basis.

## Are anonymous and non-anonymous allegations handled differently?

Although CBP accepts both anonymous and non-anonymous allegations, the correspondence options for each are different. Specifically, CBP may engage with non-anonymous allegers to seek additional information or clarification on forced labor claims. In contrast, this course of action is not available for anonymous filings. Non-anonymous allegers may receive updates from CBP but the agency is unable to provide anonymous allegers with further notifications.

## How does an individual making an allegation get an update?

Individuals may seek an update from CBP's Forced Labor Division, but CBP may be limited in what it can share concerning its investigation into the allegation. If the allegation is not sufficient to take specific action, CBP will promptly notify the party and explain the deficiency in the allegation.

### How is a CBP Form 28, Request for Information, utilized with respect to an allegation of forced labor?

CBP utilizes requests for information to determine whether importers are able to demonstrate the goods in question are admissible. Under 19 U.S.C. 1484 all importers are required to enter merchandise using reasonable care and to provide sufficient documentation to allow CBP to determine admissibility. CBP will utilize the requests for information to seek information on high-risk imports within high risk industries to determine the level of risk each importer presents to the agency.

### To what extent is CBP proactive vs. reactive in identifying Forced Labor in the supply chain?

CBP meets with agencies across the United States Government (USG), Non-Governmental Organizations (NGO), the trade, and foreign governments seeking information on forced labor within supply chains. CBP will act upon information provided from any of the aforementioned sources.

## Withhold Release Orders (WROs) and Findings    —

### When are Withhold Release Orders (WRO) issued?

WROs are issued, by the Commissioner, when information reasonably, but not conclusively, indicates that merchandise produced by forced labor, as defined under 19 U.S.C. 1307, is being, or is likely to be, imported in to the United States. 19 CFR 12.42(e).

### What is a Finding?

A Finding is a determination made by the Commissioner that merchandise is produced by forced labor, as defined under 19 U.S.C. 1307, and is subject to the provisions of 19 U.S.C. 1307 and 19 CFR 12.42(f).

### How does CBP communicate WROs and Findings?

Findings are published in the Customs Bulletin and Federal Register.  In addition, WROs and Findings are posted to the forced labor page on cbp.gov, at https://www.cbp.gov/trade/forced-labor.  The page is regularly updated with current and relevant forced labor information.  Individuals can subscribe to CBP's RSS feed at https://www.cbp.gov/rss/trade/forced-labor to receive notification of new information added to the site.

### What happens to shipments deemed subject to WROs or Findings?

Shipments of merchandise subject to WROs will be detained.  Importers have the opportunity to either re-export the detained shipments at any time or to submit information to CBP demonstrating that the goods are not in violation of 19 U.S.C. 1307.  Shipments subject to Findings shall be seized, unless the importer establishes by satisfactory evidence that the merchandise is admissible.

## Internal Compliance / Audit                                                                —

### Can CBP provide information about an internal compliance program?

Importers must exercise reasonable care over their supply chains and understand where and how their products are manufactured or produced, in whole or in part.  The Department of Labor (DOL) produces reports on forced

labor and its Comply Chain application outlines critical elements of a social compliance program.  Additionally, importers may monitor CBP's website, which lists all foreign entities and respective commodities subject to an active WRO or Finding.  Further, the Office of Trade has identified interrelated sound business practices that can serve as the foundation of an effective forced labor / corporate social responsibility program.  For more information, please visit CBP's Forced Labor web page at https://www.cbp.gov/trade/forced-labor.

### How does CBP leverage audit investigations for leads?

CBP has a team of auditors who routinely meet with and audit books and records of importers.  CBP has utilized this team to examine the risk within industries and will continue to use this authority to determine the risk presented by importers within industries.

## Related Resources   —

### Where can I find more information from CBP regarding Forced Labor?

More information pertaining to Forced Labor can be found in 19 CFR 12.42 - 12.45, as well as on CBP's forced labor page at cbp.gov, https://www.cbp.gov/trade/forced-labor.

## Supply Chain Documentation   —

**Can a third party such as the seller or exporter submit supply chain documentation to CBP for review without the importer's knowledge to protect business confidential information?**

A third party can submit supply chain documentation to CBP for review; however, the importer should be notified of their action. The importer is responsible for storage costs of their detained shipments. Further, should additional time be needed for submission of documentation, the importer may submit a request for additional time to provide documentation to CBP during the detention period for their goods.

**Last Modified: Oct 16, 2024**

**Attachment 2**

 U.S. Customs and Border Protection

# CBP will seize aluminum products manufactured using forced labor by Chinese-owned, Dominican based company

**Release Date:** Wed, 12/04/2024

**WASHINGTON** — U.S. Customs and Border Protection issued a Finding against Kingtom Aluminio S.R.L., the first Chinese-owned entity in the Dominican Republic, based on information that reasonably indicates the use of forced labor in violation of 19 U.S.C. § 1307 in the production of that merchandise. Effective immediately, CBP personnel at all U.S. ports of entry will seize aluminum extrusion and profile products manufactured by Kingtom Aluminio S.R.L. Aluminum extrusions and profiles are used widely to build transportation and construction products, furniture, electronics, and more.

CBP identified the following International Labour Organization forced labor indicators during its investigation of Kingtom Aluminio S.R.L.: abuse of vulnerability, intimidation and threats, deception, withholding of wages, physical and sexual violence, restriction of movement, and excessive overtime.

 "Trading in goods that were manufactured at the expense of the health, safety, and freedom of another human being is completely antithetical to American values and the American way of life," said CBP Senior Official Performing the Duties of the Commissioner Troy A. Miller.

 "With this action, we are sending a message to those entities that continue to attempt to circumvent U.S. trade laws – your goods are not welcome in the United States," said Executive Assistant Commissioner of CBP Office of Trade, AnnMarie R. Highsmith.

 The Finding against Kingtom Aluminio S.R.L. is the latest action CBP has taken to address forced labor and other human rights abuses around the world. With this Finding issuance, CBP currently oversees and enforces 51 withhold release orders and nine Findings under 19 U.S.C. § 1307.

Case 1:24-cv-00264-N/A   Document 5   Filed 12/26/24   Page 21 of 28

The International Labour Organization estimates that nearly 28 million workers suffer under conditions of forced labor worldwide. Forced labor exposes vulnerable populations to inhumane working conditions and hurts American workers and law-abiding businesses who cannot compete with forced labor goods that are sold below market value.

19 U.S.C. § 1307 prohibits the importation of "[a]ll goods, wares, articles, and merchandise mined, produced, or manufactured wholly or in part in any foreign country by convict labor or/and forced labor, or/and indentured labor, including forced or indentured child labor[.]" When CBP has information reasonably indicating that imported goods are made by forced labor in violation of 19 U.S.C. § 1307, the agency will order personnel at U.S. ports of entry to seize shipments of those goods. Such shipments will be excluded or subjected to seizure and forfeiture if the importer fails to demonstrate proof of admissibility in accordance with applicable regulations.

CBP receives allegations of forced labor from a variety of sources including private citizens, government agencies, media, non-government organizations, and witnesses. Any person or organization that has reason to believe merchandise produced with the use of forced labor is being, or is likely to be, imported into the United States, can report detailed allegations by contacting CBP through the e-Allegations Online Trade Violation Reporting System or by calling 1-800-BE-ALERT.

-**CBP**-

---

*U.S. Customs and Border Protection is the unified border agency within the Department of Homeland Security charged with the management, control, and protection of our nation's borders, combining customs, immigration, border security, and agricultural protection at and between official ports of entry.*

**Last Modified: Dec 04, 2024**

12/4/24, 4:28 PM
CBP will seize aluminum products manufactured using forced labor by Chinese-owned, Dominican based company | U.S. Customs and Border Protection

Case 1:24-cv-00264-N/A Document 5 Filed 12/23/24 Page 22 of 28



# Media Contacts

## Office of Public Affairs

 (202) 344-1780

 CBPMEDIARELATIONS

12/4/24, 4:28 PM     CBP will seize aluminum products manufactured using forced labor by Chinese-owned, Dominican-based company | U.S. Customs and Border Protection

Case 1:24-cv-00264-N/A    Document 5    Filed 12/26/24    Page 23 of 28

## CBP Information Center (for non-media inquiries)

 [(202) 325-8000](tel:2023258000)



## Social Media Directory

12/4/24, 4:28 PM                        CBP will seize aluminum products manufactured using forced labor by Chinese-owned, Dominican based company | U.S. Customs and Border Protection

Case 1:24-cv-00264-N/A   Document 5   Filed 12/23/24   Page 24 of 28

View a complete list of local and regional CBP social media accounts.

**View the Directory**

**Attachment 3**

We only use cookies that are necessary for this site to function to provide you with the best experience. The controller of this site may choose to place supplementary cookies to support additional functionality such as support analytics, and has an obligation to disclose these cookies. Learn more in our Cookie Statement.



## CSMS # 63273746 - Finding on Kingtom Aluminio S.R.L.'s Aluminum Extrusion and Profile Products from Dominican Republic

U.S. Customs and Border Protection sent this bulletin at 12/04/2024 02:21 PM EST

Subscribe to updates from U.S. Customs and Protection

Email Address [              ]  e.g. name@exam

[ Subscribe ]

Share Bulletin





## Cargo Systems Messaging Service

**CSMS # 63273746 - Finding on Kingtom Aluminio S.R.L.'s Aluminum Extrusion and Profile Products from Dominican Republic**

**CBP will seize aluminum products manufactured using forced labor by Chinese-owned, Dominican based company**

Release Date: Wednesday, December 4, 2024.

WASHINGTON — U.S. Customs and Border Protection issued a Finding against Kingtom Aluminio S.R.L., the first Chinese-owned entity in the Dominican Republic, based on information that reasonably indicates the use of forced labor in violation of 19 U.S.C. § 1307 in the production of that merchandise. Effective immediately, CBP personnel at all U.S. ports of entry will seize aluminum extrusion and profile products manufactured by Kingtom Aluminio S.R.L. Aluminum extrusions and profiles are used widely to build transportation and construction products, furniture, electronics, and more.

CBP identified the following International Labour Organization forced labor indicators during its investigation of Kingtom Aluminio S.R.L.: abuse of vulnerability, intimidation and threats, deception, withholding of wages, physical and sexual violence, restriction of movement, and excessive overtime.

"Trading in goods that were manufactured at the expense of the health, safety, and freedom of another human being is completely antithetical to American values and the American way of life," said CBP Senior Official Performing the Duties of the Commissioner Troy A. Miller.

"With this action, we are sending a message to those entities that continue to attempt to circumvent U.S. trade laws – your goods are not welcome in the United States," said Executive Assistant Commissioner of CBP Office of Trade, AnnMarie R. Highsmith.

The Finding against Kingtom Aluminio S.R.L. is the latest action CBP has taken to address forced labor and other human rights abuses around the world. With this Finding issuance, CBP currently oversees and enforces 51 withhold release orders and nine Findings under 19 U.S.C. § 1307.

The International Labour Organization estimates that nearly 28 million workers suffer under conditions of forced labor worldwide. Forced labor exposes vulnerable populations to inhumane working conditions and hurts American workers and law-abiding businesses who cannot compete with forced labor goods that are sold below market value.

19 U.S.C. § 1307 prohibits the importation of "[a]ll goods, wares, articles, and merchandise mined, produced, or manufactured wholly or in part in any foreign country by convict labor or/and forced labor, or/and indentured labor, including forced or indentured child labor[.]" When CBP has information reasonably indicating that imported goods are made by forced labor in violation of 19 U.S.C. § 1307, the agency will order personnel at U.S. ports of entry to seize shipments of those goods. Such shipments will be excluded or subjected to seizure and forfeiture if the importer fails to demonstrate proof of admissibility in accordance with applicable regulations.

CBP receives allegations of forced labor from a variety of sources including private citizens, government agencies, media, non-government organizations, and witnesses. Any person or organization that has reason to believe merchandise produced with the use of forced labor is being, or is likely to be, imported into the United States, can report detailed allegations by contacting CBP through the e-Allegations Online Trade Violation Reporting System or by calling 1-800-BE-ALERT.

Press Release:  https://www.cbp.gov/newsroom/national-media-release/cbp-will-seize-aluminum-products-manufactured-using-forced-labor



Update your subscriptions, modify your password or e-mail address, or stop subscriptions at any time on your Subscriber Preferences Page. You will need to use your e-mail address to log in. If you have questions or problems with the subscription service, please contact subscriberhelp.govdelivery.com.

This service is provided to you at no charge by U.S. Customs and Border Protection.

Privacy Policy | GovDelivery is providing this information on behalf of U.S. Department of Homeland Security, and may not use the information for any other purposes.

12/8/24, 5:29 PM
Case 1:24-cv-00264-N/A   Document 5   Filed 12/23/24   Page 29 of 29
C.M.S. + Cozy Boots 04 mmby an Kingston Elements S.R.L.'s Aluminum Extrusion and Profile Goods of Dominican Republic





Powered by





Privacy Policy | Cookie Statement | Help