# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
# BEFORE THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| KINGTOM ALUMINIO S.R.L., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; KRISTI NOEM, *in her official capacity as Secretary of the Department of Homeland Security;* CALEB VITELLO, *in his official capacity as the Acting Commissioner for U.S. Customs and Border Protection*, <br><br> Defendants. | Ct. No. 24-00264 |

## RESPONSE TO MOTION TO INTERVENE

Plaintiff Kingtom Aluminio S.R.L. ("Kingtom" or "Plaintiff") files this opposition to the motion for permissive intervention filed by Aluminum Extruders Council ("AEC") and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW") (collectively, "Proposed Intervenors"). *See* Kingtom v. United States et al, No. 24-00264 (Ct. Int'l Trade Jan. 24, 2025), ECF No. 9 ("Pr. Inter. Mot."). As discussed below, the Court should deny the Proposed Intervenors' motion for permissive intervention because it is untimely and fails to establish any of the statutory or discretionary requirements of permissive intervention.

**I.      Proposed Intervenors Do Not Meet The Requirements Of Permissive Intervention.**

This Court may allow the intervention of a party "who would be adversely affected or aggrieved by" the outcome of a case before it, 28 U.S.C. § 2631(j)(1), but "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." 28 U.S.C. § 2631(j)(2). Accordingly, to successfully move for permissive intervention, Proposed Intervenors must demonstrate that they will be "adversely affected or aggrieved" and satisfy this Court that their intervention will not "unduly delay or prejudice" the adjudication of Kingtom's rights. *See Seneca Foods Corp. v. United States*, 607 F. Supp. 3d 1295, 1300 (Ct. Int'l Trade 2022).

Consistent with these two statutory requirements, permissive intervention "is left to the sound discretion of the court." *Neo Solar Power Corp. v. United States*, 2016 WL 3390237 at *1 (Ct. Int'l Trade June 17, 2016); *see also See Manuli Autoadesivi, S.p.A. v. United States*, 602 F. Supp. 96, 98 (Ct. Int'l Trade 1985). Thus, pursuant to Rule 24(b) of the Rules of this Court ("USCIT R."), the Court "may" permit a party to intervene in an action if that party has filed a timely motion requesting intervention and that party is either given a conditional right to intervene by federal statute or has a claim or defense that shares a common question of law or fact with the main action. *Cf.* USCIT R. 24(a) ("The court must permit anyone to intervene who: {satisfies the rules for intervention of right}."). The party's interest must be distinct from the Government's defense and not merely duplicative of the Government's case. *See GreenFirst Forest Prods. & Greenfirst Forest Prods. QC Inc. v. United States*, 577 F. Supp. 3d 1349 (Ct. Int'l Trade 2022).

Proposed Intervenors fail each of these tests. Proposed Intervenors are merely Kingtom's competitors who wish to duplicate the Government's defense in the age-old schoolyard tactic of "two-against-one." They have no independent interest of their own in this action. Their

intervention would unduly delay this proceeding and prejudice Kingtom's ability to litigate its case against the Government.

### A. Proposed Intervenors Will Not Be "Adversely Affected Or Aggrieved" By The Outcome Of This Case.

Proposed Intervenors have not demonstrated that they would be "adversely affected or aggrieved" by either potential outcome of this case. As the Court explained in *North American Interpipe, Inc. v. United States*, 519 F. Supp. 3d 1313, 1328-29 (Ct. Int'l Trade 2021), a party has a conditional right to intervene when it would be "adversely affected or aggrieved by" a decision pending before the court. Kingtom commenced this action to contest a finding by U.S. Customs and Border Protection ("CBP") that prohibits the entry of Kingtom's merchandise. *See Notice of Finding That Aluminum Extrusions and Profile Products and Derivatives Produced or Manufactured Wholly or in Part by Kingtom Aluminio S.R.L. With the Use of Convict, Forced or Indentured Labor Are Being, or Are Likely To Be, Imported Into the United States*, 89 Fed. Reg. 96,265 (Dec. 4, 2024) ("*Finding*") (determining that the port director may seize Kingtom's merchandise and commence forfeiture proceedings). As Kingtom has made clear in its Complaint, it faces the loss of all its U.S. sales—and potential bankruptcy—if CBP's *Finding* is sustained as the vast majority of its business is exclusive to the U.S. market. *See* Compl. at 2, *Kingtom v. United States et al.*, No. 24-00264, ECF No. 5 (Dec. 23, 2024) ("Compl."). Thus, it is *Kingtom's* competitive position, not those of Proposed Intervenors, that is threatened with injury as a result of this case.

As an initial matter, Proposed Intervenors' claims of economic consequences are insufficient for demonstrating that they would be "adversely affected or aggrieved." The Court has held that "merely economic interests" in the outcome of a dispute between a competitor and the Government are not sufficient interest to intervene in a dispute. *See Interpipe*, 519 F. Supp.

3

3d at 1323 ("economic interests will not suffice" as a "legally protectable" interest) (citation omitted); *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 731 (2013) (dismissing the "boundless theory" that "a market participant is injured . . . whenever a competitor benefits from something allegedly unlawful").

As a factual matter, Proposed Intervenors' claims to economic injury are patently false, devoid of legal support, and "misstate the potential economic consequences of this case." *Seneca Foods Corp.*, 607 F. Supp. at 1300 (cleaned up).  Proposed Intervenors' claim that, if Kingtom prevails in its claim it will "resume imports of aluminum extrusions . . . to the detriment of both AEC and USW members' competitive positions," is at odds with agency investigations which have found the opposite to be true.  *See* Pr. Inter. Mot. at 3.  The United States International Trade Commission ("Commission") determined in November 2024 that the U.S. domestic industry has *not* been injured, or threatened with material injury, as a result of imports of aluminum extrusions produced by foreign producers.[1]  Indeed, the Dominican Republic— from which Kingtom produces and exports aluminum extrusions—was excluded from the Commission's final determination because imports from that country were found to be "negligible," and therefore could not injure or threaten to injure the U.S. domestic industry, at the preliminary stage of the Commission's investigation.[2]  Proposed Intervenors do not have an

---

[1] *See* Certain Aluminum Extrusions from China, Colombia, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam, Inv. Nos. 701-TA-695-698 and 731-TA-1643-1644 and 1646-1657, USITC Pub. 5560 (Nov. 2024) (Final) at 44-91 (attached hereto as **Attachment 1**).

[2] *See* Certain Aluminum Extrusions from China, Colombia, Dominican Republic, Ecuador, India, Indonesia, Italy, Malaysia, Mexico, South Korea, Taiwan, Thailand, Turkey, United Arab Emirates, and Vietnam, Inv. Nos. 701-TA-695-698 and 731-TA-1643-1657, USITC Pub. 5477 (Nov. 2023) (Preliminary) at 40-49 (negligibility determination) (attached hereto as **Attachment 2**).

unfettered right to block Kingtom's fairly traded imports, and having to compete in the marketplace against Kingtom is not to the detriment of any legitimate competitive position.

It is precisely because Proposed Intervenors will not be adversely affected by the outcome of this case that they do not have a judicially cognizable interest as permissive intervenors. *See GreenFirst*, 577 F. Supp. 3d at 1351, 1357-58 (holding proposed intervenor did not have a defense to plaintiff's claims because it would not be "adversely affected or aggrieved" as a result of the court's disposition despite proposed intervenor's claim in that case that it "may lose market share" if the plaintiff succeeded).

        **B.**        **Proposed Intervenors Have No Conditional Right to Intervene.**

To the extent that Proposed Intervenors' claim is based on their supposed "interest in effectuating the provisions" of a free trade agreement negotiated between the U.S. Government and the governments of other countries including the Dominican Republic, *see* Pr. Inter. Mot. at 3, the Supreme Court has repeatedly held that "a generally available grievance" about the government's application of a law does not give rise to a redressable injury. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573-75 (1992) (holding wildlife conservation groups did not have a redressable injury in suit challenging new regulation promulgated by the Department of the Interior that changed how the agency implemented the Endangered Species Act); *see also Allen v. Wright*, 468 U.S. 737, 754-55 (1984) (discussing cases that found claimants do not have "a right to a particular kind of Government conduct" in ensuring that a law is faithfully executed) (internal citations omitted); *Medellín v. Texas*, 552 U.S. 491, 505-06 & n.3 (2008) (explaining that a treaty is "primarily a compact between independent nations," and that "even those {treaties} directly benefiting private persons, generally do not create private rights or provide for a private cause of action in domestic courts").

Neither the free trade agreement cited by Proposed Intervenors nor its implementing statute provide Proposed Intervenors with a right of action before this Court—and Proposed Intervenors do not even attempt to suggest that they do. Any interest in ensuring that parties follow international agreements to which the *Government* is a party is the Government's, not U.S. third parties', to protect. *Cf. Interpipe*, 519 F. Supp. 3d at 1334 (concluding that proposed intervenors "share no 'defense' with the government" where the only claim plaintiff brings is against the government). Thus, Proposed Intervenors do not have a conditional right to intervene on the basis of the Dominican Republic-Central America Free Trade Agreement, or the agreement's implementation act, contrary to their claims.

### C. Intervention Will Unduly Delay The Action And Prejudice Plaintiff's Rights.

As this Court has noted, "{a}dditional parties always add additional time, effort, and expense." *Neo Solar*, 2016 WL 3390237 at *2. This is additional time that Kingtom, quite frankly, does not have. *See* Compl. at 2 & n.1. As Kingtom has explained, CBP's *Finding* is causing and will continue to cause Kingtom extraordinary hardship, including loss of business opportunity, goodwill, and reputation with existing and prospective customers, and is also likely to result in Kingtom having to enter bankruptcy. *Id.* Each day that passes is another day in which Kingtom's goods are denied access to the U.S. market, compounding Kingtom's injury and making it likelier that Kingtom will have to enter bankruptcy. Protracted litigation threatens Kingtom's survival as a going concern, and should Kingtom cease to operate it will not be able to enforce its rights before this Court. The delay that will result from permitting this intervention will thereby prejudice Kingtom's ability to litigate its own case.

Under the facts of this particular case, adding unnecessary parties, and the time and expense that come with their motions, briefs, and additional questions would be inconsistent with the Court's first rule, which urges the "just, speedy, and inexpensive determination of every

action."  USCIT R. 1.  Indeed, such surplusage can "make the proceeding a Donnybrook Fair," and the Court has previously found that a third party wishing to register its views with the Court "can contribute most efficiently and almost always most expeditiously by a brief amicus curiae" rather than "by intervention."  *See Manuli*, 602 F. Supp. at 98 (internal citations omitted).

### D. Proposed Intervenors Do Not Have A Distinct Claim Or Defense That Is Not Adequately Represented.

Proposed Intervenors must demonstrate that they have a "legally protectable interest" and that "their participation could add some material aspect beyond what is already present."  *See California Steel Indus. v. United States*, 48 F.4th 1336, 1343-44 (Fed. Cir. 2022) (citation omitted) (holding that proposed defendant-intervenors had standing but not a legally protectable interest and affirming denial of motion for intervention).  Proposed Intervenors' claims merely "mimic" the Government's defense of its interest rather than establishing a distinct defense of their own that is not adequately represented.  *See GreenFirst*, 577 F. Supp. at 1353, 1356-57.

Proposed Intervenors justify their request to intervene, in part, on an e-allegation they submitted to CBP that alleged the use of forced labor by Kingtom and that they assert is the basis for CBP's *Finding*.  *See* Pr. Int. Mot. at 4 & Att.  CBP's regulations provide that "{a}ny person outside CBP who has reason to believe that merchandise produced {using forced labor} is being, or is likely to be, imported into the United States," may submit to CBP an allegation including a full statement of their basis for the allegation, a detailed description of the merchandise, and "all pertinent facts obtainable as to the production of the merchandise abroad."  19 C.F.R. § 12.42(b).  Proposed Intervenors characterize their e-allegation as a "petition," but it is nothing more than a series of allegations (prepared by Kingtom's business competitors) that was submitted via the tip

7

line CBP has established for the general public to submit allegations pursuant to its regulation.[3] However, it is the agency, not Proposed Intervenors, that is responsible for investigating such allegations and making a determination that is based on substantial evidence and consistent with its statutory authority. *See* 5 U.S.C. § 706; 19 C.F.R. § 12.42.

Even if CBP's *Finding* is based on Proposed Intervenors' petition,[4] their limited participation in potentially kickstarting the agency's investigation does not create for them a claim in this case. CBP's regulations permit anyone to submit allegations to the agency, but do not create "any cognizable interest in either defending or challenging the results of those proceedings." *Interpipe*, 519 F. Supp. 3d at 1333. Like the plaintiffs in *Interpipe*, Kingtom seeks relief from an agency's determination pursuant to review provided for in the Administrative Procedure Act. Thus, "proposed intervenors share no 'defense' with the government" because the *only* claims Kingtom has in this case are "against the government." *Id.* at 1334. Intervention is "not an open invitation for an outsider to inject itself as a defendant into litigation simply because it wants the plaintiff to lose." *Id.* at 1334 n.36.

Accordingly, Proposed Intervenors' claims, as laid out in their motion to intervene, will not be "distinct from those of the government," but instead, "will be duplicative and unnecessary." *Neo Solar*, 2016 WL 3390237 at *2. Where the defense of a proposed intervenor is the same as that of the government, "the defense belongs, in essence, to the government, not

---

[3] *See* CBP Pub. No. 3149-0323, *Recommended Guidelines for Submissions of Forced Labor Supporting Documents*, CBP, available at: https://www.cbp.gov/sites/default/files/2024-04/Forced_Labor_Guidance_Forced_Labor_Supporting_Docs_Submissions_0.pdf.

[4] The Government has not yet filed the administrative record and has not suggested that the *Finding* is based upon Proposed Intervenors' e-allegation. Plaintiff does not contest the adequacy of Proposed Intervenors' e-allegation for the purposes of this opposition to their motion to intervene, but reserves its right to do so at a later stage in the proceedings.

{the intervenor}." *Neo Solar*, 2016 WL 3390237 at *2. Surely the Government is capable of defending its own conduct in its investigation of Kingtom without Proposed Intervenors' help.

        **E.**        **Proposed Intervenors' Motion Is Not Timely.**

Proposed Intervenors have not demonstrated that their motion to intervene is timely. Pursuant to Rule 24(b), the court may permit intervention "on a timely motion." USCIT R. 24(b). Proposed Intervenors filed their motion to intervene more than 30 days after Kingtom commenced this action by filing its Complaint. *See* Compl., ECF No. 5 (Dec. 23, 2024). Even under the time allotted to intervene as of right, Proposed Intervenors' motion would be untimely. USCIT R. 24(a)(3). Proposed Intervenors now request this Court to use its discretion to grant them wider latitude than is given to intervenors who have a statutory *right* to intervene. *See* 28 U.S.C. § 2631(j)(1)(B), (C).

Plaintiff has not found a case where the U.S. Court of International Trade allowed permissive intervention after its deadline for intervention as of right. In *Neo Solar*, the Court conceded only that a motion for permissive intervention was "*likely* timely" where it was filed within *16 days* of the Complaint. *Neo Solar*, 2016 WL 3390237 at *2 (emphasis added). In *GreenFirst*, where timeliness was not contested, the motion was filed *30 days* after the Complaint. *GreenFirst*, 577 F. Supp. 3d at 1354. Even the forty-year-old case Proposed Intervenors cite to support the timeliness of their motion is inapposite, as *Manuli* is a case in which the intervenor moved for partial reconsideration of its motion for intervention *as of right*. *See Manuli*, 602 F. Supp. at 97; Pr. Int. Mot. at 5 (citing *id.* at 98). In that case, the Court indicated that the motion for intervention had been timely filed under the Court's rules in effect at the time. *See Manuli*, 602 F. Supp. at 97-98. The version of Rule 24 that was in effect at the time of the Court's decision in *Manuli* did not impose a 30-day filing deadline. *See* 28 U.S.C.

9

app., ch.10, USCIT R. 24(a) (1982), https://www.loc.gov/item/uscode1982-012028a010/. Accordingly, Proposed Intervenors fail to show that their motion to intervene is timely.

As explained herein, the prejudice that intervention poses to Kingtom outweighs any interest Proposed Intervenors may plausibly have in this case. Under the circumstances presented here, the motion to intervene should be denied.

## II.     Conclusion

For the foregoing reasons, Kingtom respectfully requests that this Court deny Proposed Intervenors' motion for leave to intervene as defendant-intervenors in this action.

Respectfully submitted,

/s/ Brady W. Mills
Brady W. Mills
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Mary S. Hodgins
Eugene Degnan
Jordan L. Fleischer
Nicholas C. Duffey
Ryan R. Migeed

**MORRIS, MANNING & MARTIN, LLP**
1333 New Hampshire Ave, N.W., Suite 800
Washington, D.C. 20036
(202) 216-4116

*Counsel to Kingtom Aluminio S.R.L.*

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE TIMOTHY M. REIF, JUDGE**

| | |
|---|---|
| KINGTOM ALUMINIO S.R.L., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; KRISTI NOEM, *in her official capacity as Secretary of the Department of Homeland Security;* CALEB VITELLO, *in his official capacity as the Acting Commissioner for U.S. Customs and Border Protection*, <br><br> Defendants. | Ct. No. 24-00264 |

## **PROPOSED ORDER**

Upon consideration of the motion to intervene filed by Aluminum Extruders Council ("AEC") and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW"), Plaintiff's response thereto, and all other pertinent papers and proceedings, it is hereby:

**ORDERED** that the motion to intervene be and hereby is **DENIED**.

Dated: _____           _____
       New York, New York                 Timothy M. Reif, Judge