**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE TIMOTHY M. REIF, JUDGE**

| | |
|---|---|
| KINGTOM ALUMINIO S.R.L., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; KRISTI NOEM, *in her official capacity as Secretary of the Department of Homeland Security;* CALEB VITELLO, *in his official capacity as the Acting Commissioner for U.S. Customs and Border Protection,* <br><br> Defendants. | Ct. No. 24-00264 |

**PLAINTIFF'S MOTION FOR EXPEDITED TREATMENT OF ITS ACTION TO CONTEST A FINDING BY U.S. CUSTOMS AND BORDER PROTECTION**

Plaintiff Kingtom Aluminio S.R.L. ("Kingtom" or "Plaintiff") hereby moves, pursuant to Rule 3(g) of this Court, that the Court expedite Plaintiff's action contesting the Finding by U.S. Customs and Border Protection ("Customs" or "CBP") that Kingtom produced aluminum extrusions in the Dominican Republic using forced labor. Pursuant to Rule 3(g)(5) of this Court, the Court may grant, on its own or for good cause shown, expedited consideration of any action that the Court determines warrants expedited treatment. As explained below, there is good cause for the Court to order expedited treatment of this action.

I.   Preliminary Statement

Plaintiff filed this action to contest Customs' *Notice of Finding That Aluminum Extrusions and Profile Products and Derivatives Produced or Manufactured Wholly or in Part by Kingtom Aluminio S.R.L. With the Use of Convict, Forced or Indentured Labor Are Being, or*

1

*Are Likely To Be, Imported Into the United States*. *See* 89 Fed. Reg. 96,265 (Dec. 4, 2024) ("*Finding*"). Customs' conduct in issuing this *Finding*, and its decision to immediately embargo all of Kingtom's imports on the basis that they are made with forced labor — citing no evidence to support this decision — lies outside the bounds of normal practice, law, and fairness such that the interests of justice demand redress before this Court as expeditiously as possible.

The *Finding* is causing and will continue to cause Kingtom extraordinary hardship, including loss of business opportunity, goodwill, and reputation with existing and prospective customers, and is also likely to result in Kingtom having to enter bankruptcy. Kingtom's business focuses almost exclusively on the U.S. market. *See, e.g.*, ECF No. 20 at 2, Attachment 1. Yet, due to Customs' *Finding*, Kingtom is unable to perform on its U.S. sales. *Id.* Each day that passes in which Kingtom is wrongfully subject to Customs' *Finding* and its goods are denied access to the U.S. market inflicts further harm on Kingtom, making it likelier that the company will be forced to file for bankruptcy. This ongoing harm, coupled with the strong public interest in ensuring that the trade statutes are interpreted and applied "uniformly and fairly," warrants expedited consideration. *See Am. Signature, Inc. v. United States*, 598 F.3d 816, 830 (Fed. Cir. 2010).

II.     Argument

The Court's rules provide that the Court may expedite and give precedence to "{a}ny {} action that the court determines, based on motion and for good cause shown, warrants expedited treatment." USCIT R. 3(g)(5). Good cause exists to expedite consideration of an action where (1) failure to expedite would result in mootness or deprive the relief requested of much of its value, (2) failure to expedsite would result in extraordinary hardship to a litigant, or (3) the public interest in enforcement of the statute is particularly strong. *See Ontario Forest Indus. Ass'n v. United States*, 30 C.I.T. 1117, 1127, 444 F. Supp. 2d 1309, 1319 (2006). Failure to

expedite consideration in this case meets all three of these grounds for good cause. Accordingly, Kingtom requests that this Court expedite consideration of this action pursuant to Rule 3(g)(5).

First, as noted above, Kingtom faces the very real possibility that it will have to cease operations and file for bankruptcy as a result of Customs' *Finding*. Customs' *Finding* and resulting embargo on Kingtom's imports is preventing Kingtom from performing its contractual obligations on its sales to customers, *see* ECF No. 20 at 2, Attachment 2, because its merchandise is deemed prohibited merchandise that is not entitled to entry into the United States pursuant to 19 U.S.C. § 1307. *See Finding*. Protracted litigation to contest Customs' *Finding* is not a realistic option to safeguard Kingtom's survival, as its business focuses almost exclusively on the U.S. market. *See* ECF No. 20 at 2, Attachment 2. Should Kingtom cease to operate as a going concern, this action will become moot.

Second, Kingtom has outlined above the extraordinary hardship Kingtom faces as a litigant. Without being able to perform on its sales, Kingtom will likely have to enter bankruptcy proceedings because its business focuses exclusively on the U.S. market. Kingtom does not have revenue from third-country markets to cover its liabilities while this case is pending and is therefore likely to suffer bankruptcy if this action is not expedited. Kingtom requests expedited action because its position as a continuing litigant in this action, and its very existence as a company, are at stake.

Third, the public interest weighs strongly in favor of promptly reviewing the agency's actions in this case to ensure proper enforcement of the statute. Where an agency can wield its enforcement authority to put a company out of business by denying its goods entry into the U.S. market, it should wield this power with appropriate discretion and in observance of the proper

3

procedure by which all agency actions are held accountable.  *See* 5 U.S.C. § 701 *et seq*.  In this case, Customs has issued a *Finding* without providing any evidence to support its conclusion.  Moreover, it appears to have relied on an errant reading of the statute that cannot be upheld as a proper interpretation of the trade law as written.  Thus, the public's interest in fair and even-handed enforcement of the nation's trade laws demands urgent review of the agency's actions in this case.  *See Am. Signature, Inc.*, 598 F.3d at 830.

Based on the above, expedited consideration of Kingtom's appeal is warranted here.

III.    *Conclusion*

For the foregoing reasons, Plaintiff respectfully requests that this court grant this motion for expedited consideration of Plaintiff's action.

                Respectfully submitted,

                /s/ Brady W. Mills
                Brady W. Mills
                Donald B. Cameron
                Julie C. Mendoza
                R. Will Planert
                Mary S. Hodgins
                Eugene Degnan
                Jordan L. Fleischer
                Nicholas C. Duffey
                Ryan R. Migeed

                **MORRIS, MANNING & MARTIN LLP**
                1333 New Hampshire Avenue, N.W.,
                Suite 800
                Washington, D.C. 20036

                *Counsel to Plaintiff Kingtom Aluminio S.R.L.*

Dated:  February 19, 2025

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE TIMOTHY M. REIF, JUDGE**

| | |
|---|---|
| KINGTOM ALUMINIO S.R.L., <br><br>        Plaintiff, <br><br>   v. <br><br> UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; KRISTI NOEM, *in her official capacity as Secretary of the Department of Homeland Security;* CALEB VITELLO, *in his official capacity as the Acting Commissioner for U.S. Customs and Border Protection*, <br><br>        Defendants. | Ct. No. 24-00264 |

## **PROPOSED ORDER**

Upon consideration of Plaintiff's motion to expedite and all other pertinent papers and proceedings, it is hereby:

**ORDERED** that the motion to expedite be and hereby is **GRANTED**; and it is further

**ORDERED** that, pursuant to Rule 3(g) of the U.S. Court of International Trade, this matter is expedited and given precedence over other pending actions.

**SO ORDERED**.

Dated: _____          _____
    New York, New York                              Timothy M. Reif, Judge

5