IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| KINGTOM ALUMINIO S.R.L., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; U.S. CUSTOMS AND BORDER PROTECTION; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PETE R. FLORES, Acting Commissioner, U.S. Customs and Border Protection, <br><br> Defendants, <br><br> and <br><br> ALUMINUM EXTRUDERS COUNCIL; UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, <br><br> Defendant-Intervenors. | Before:  Hon. Timothy M. Reif, Judge <br><br> Court No. 24-00264 <br><br> <u>NON-CONFIDENTIAL VERSION</u> <br><br> Confidential Information Removed from Pages: 2, and 4-8 |

**DEFENDANT-INTERVENORS' RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Robert E. DeFrancesco, III, Esq.
Alan H. Price, Esq.
Laura El-Sabaawi, Esq.
Elizabeth S. Lee, Esq.
Enbar Toledano, Esq.
Kimberly A. Reynolds, Esq.
Paul A. Devamithran, Esq.

WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

Ct. No. 24-00264                                           NON-CONFIDENTIAL VERSION

*Counsel for Aluminum Extruders Council and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union*

**Dated: June 16, 2025**

## TABLE OF CONTENTS

Page

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | RULE 56.1 STATEMENT | 1 |
| | A. Administrative Decision Under Review | 1 |
| | B. Issues Presented and Summary of Argument | 2 |
| III. | ARGUMENT | 3 |
| | A. CBP's Consideration of the ILO Indicators of Forced Labor in Making its Forced Labor Finding Was Lawful and Reasonable | 3 |
| | B. CBP's Finding of Forced Labor Is Supported By Substantial Record Evidence | 4 |
| IV. | CONCLUSION | 9 |

# TABLE OF AUTHORITIES

Page(s)

**Statutes**

19 U.S.C. § 1307 ...........................................................................................................3, 4

**Regulations**

19 C.F.R. § 12.42-12.45 ......................................................................................................3

**Administrative Materials**

*Notice of Finding That Aluminum Extrusions and Profile Products and Derivatives Produced or Manufactured Wholly or in Part by Kingtom Aluminio S.R.L. With the Use of Convict, Forced or Indentured Labor Are Being, or Are Likely To Be, Imported Into the United States*, 89 Fed. Reg. 96,265 (U.S. CBP Dec. 4, 2024) ............................................................1

Ct. No. 24-00264 NON-CONFIDENTIAL VERSION

I. **INTRODUCTION**

On behalf of Defendant-Intervenors Aluminum Extruders Council and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("Defendant-Intervenors"), we respectfully submit the following response to Plaintiff Kingtom Aluminio S.R.L.'s ("Plaintiff" or "Kingtom") motion for judgment on the agency record and supporting brief.[1] *See* Pl. Kingtom Aluminio S.R.L.'s Br. in Support of its Mot. for J. on the Agency R. (May 5, 2025), ECF No. 46 ("Kingtom Brief"). Defendant-Intervenors agree with and adopt the arguments presented in the Government's response brief, as briefly summarized below. *See* Defs.' Resp. in Opp. to Pl.'s Mot. for J. on the Agency R. (June 9, 2025), ECF No. 48 ("Government Brief"). Defendant-Intervenors also provide additional information in support of these arguments, which demonstrate why Plaintiff's arguments are unpersuasive.

II. **RULE 56.1 STATEMENT**

A. **Administrative Decision Under Review**

Plaintiff challenges U.S. Customs and Border Protection's ("CBP") finding that aluminum extrusions and profile products and derivatives that are produced or manufactured in whole or in part with the use of convict, forced, or indentured labor by Kingtom are being, or are likely to be, imported into the United States. *Notice of Finding That Aluminum Extrusions and Profile Products and Derivatives Produced or Manufactured Wholly or in Part by Kingtom Aluminio S.R.L. With the Use of Convict, Forced or Indentured Labor Are Being, or Are Likely To Be, Imported Into the United States*, 89 Fed. Reg. 96,265 (U.S. CBP Dec. 4, 2024).

---

[1] The first citation to any record material in this brief will include a reference to the number assigned to that material in the administrative record indices filed with the Court on March 7, 2025, ECF Nos. 33-34. Public documents are indicated by "P.R." followed by the relevant record number, while confidential documents are indicated by "C.R." followed by the relevant record number.

1

### B. Issues Presented and Summary of Argument

**1. Whether CBP's Consideration of the ILO Indicators of Forced Labor in Making its Forced Labor Determination Was Lawful and Reasonable?**

Yes. Defendant-Intervenors agree with and adopt the arguments presented in the Government's brief that CBP's analysis of the record evidence using the International Labour Organization's ("ILO") indicators of forced labor in making its forced labor finding against Kingtom was consistent with both the governing statute and the implementing regulations. Nothing in the statute or the regulations prohibits CBP's use of the ILO indicators, nor do they dictate any particular method by which the agency is to make a forced labor finding. CBP properly used the ILO indicators as a guide in weighing the record evidence in making its determination. Consideration of the ILO indicators was also reasonable given that the ILO's definition of forced labor is consistent with the statute's definition, and these are the international guidelines for assessing forced labor. CBP also did consider evidence of involuntariness, in addition to menace of penalty, and thus considered all aspects of the statutory definition of forced labor.

**2. Whether CBP's Finding of Forced Labor is Supported by the Record Evidence?**

Yes. Defendant-Intervenors agree with and adopt the arguments presented by the Government demonstrating that CBP's finding is not arbitrary or capricious and is supported by substantial evidence. The record contains substantial evidence – which was corroborated – that Kingtom's workers were forced to work involuntarily, in addition to under menace of penalty, satisfying the statutory definition of forced labor. CBP also specifically considered whether Kingtom [                                                                 ] but reasonably concluded based on the available evidence that [                                      ].

2

III. **ARGUMENT**

A. **CBP's Consideration of the ILO Indicators of Forced Labor in Making its Forced Labor Finding Was Lawful and Reasonable**

Kingtom is incorrect that CBP impermissibly substituted the ILO indicators of forced labor for the statutory definition of forced labor. *See* Kingtom Brief at 13-22. CBP properly used the ILO indicators as a guide in weighing the record evidence in making its forced labor finding, as explained in the Government's Brief. *See* Government Brief at 18-21. Nothing in the governing statute or implementing regulations prohibits CBP's use of the ILO indicators, nor do they dictate any particular method by which the agency is to determine whether forced labor is occurring. *See* 19 U.S.C. § 1307; 19 C.F.R. § 12.42-12.45. As the Government further explains, consideration of the ILO indicators was also reasonable given that the ILO's definition of forced labor is consistent with the statute's definition, and these are the international guidelines for assessing forced labor, which have been relied upon by federal courts when analyzing claims of forced labor. *See* Government Brief at 18-19. Finally, CBP did consider evidence of whether the labor was voluntary, in addition to under menace of penalty, and thus fully considered the definition of forced labor in the statute, contrary to Kingtom's claim. *See id.* at 20-21; Kingtom Brief at 18.

Defendant-Intervenors also note that because the ILO's definition of forced labor, which forms the basis of the ILO's forced labor indicators, also requires a finding of involuntariness, CBP's consideration of the ILO indicators necessarily means that the agency considered evidence of involuntariness, along with menace of penalty. *See* Kingtom Brief at Attachment 1 (*ILO Indicators of Forced Labour*, INT'L LABOUR ORG. (Oct. 1, 2012)) (noting that the indicators are "based upon the definition of forced labour specified in the ILO Forced Labour Convention, 1930 (No. 29) as 'all work or service which is exacted from any person under the menace of any penalty

3

and for which the said person has not offered himself voluntarily.'") Indeed, the record shows that CBP considered ample evidence of involuntariness, as discussed in the following section.

B. **CBP's Finding of Forced Labor Is Supported By Substantial Record Evidence**

The remainder of Kingtom's arguments are unavailing, as explained in the Government's brief. *See* Government Brief at 21-25. First, Kingtom is incorrect that the record contains no evidence that workers were forced to work involuntarily. Kingtom Brief at 22-26. While acknowledging that CBP provided evidence regarding various forced labor indicators, Kingtom claims that none of the evidence cited by CBP suggests that workers were forced to work involuntarily. *Id.* at 23. This is contradicted by the record. Defendant-Intervenors agree with the Government that 19 U.S.C. § 1307 does not prohibit goods made only with slave labor, nor does the statute require that workers are perpetually in a state of involuntary work. Government Brief at 22. In addition to the information discussed by the Government, Defendant-Intervenors highlight specific evidence in the record of instances in which Kingtom's workers were forced to work involuntarily. In fact, the same record document that Kingtom cited as containing no evidence of involuntary work contains ample evidence to the contrary. *See* Kingtom Brief at 23.

- CBP explained that [










]. CBP Allegation Assessment – Kingtom Aluminio (July 12, 2024), C.R. 8, p.14-15 (CBP 000052-CBP 000053); P.R. 8 ("CBP Allegation Assessment").

- CBP also found [

  ]. CBP further explained that [

  ]. *Id.* at p.17 (CBP 000055). [

  ].

  ○ "[

  ]" *Id.*

  ○ "[

  ]." *Id.* at p.18 (CBP 000056).

  ○ "[

  ]" *Id.*

  ○ "[

  ]" *Id.*

- CBP also found that [

Ct. No. 24-00264                     CONFIDENTIAL INFORMATION        NON-CONFIDENTIAL VERSION
                                          HAS BEEN DELETED

]. *Id.* at p.11 (CBP 000049). [

]. *Id.* at p.12 (CBP 000050).

- CBP also found [

]. *Id.* at p.13 (CBP 000051).

Kingtom's claim that much of the evidence that CBP cited regarding the withholding of wages and excessive overtime represents reasonable employment practices is not a reasonable interpretation of the evidence. Kingtom Brief at 25. [

].

Second, Kingtom's claim that CBP relied on stale, uncorroborated, and contradicted evidence is incorrect. *Id.* at 26-30. Defendant-Intervenors agree with the Government that [

] – is substantial evidence, which was further corroborated by other record evidence, including U.S. Government officials' own observations on their verification of Kingtom in the Enforce and Protect Act investigation. *See* Government Brief at 23-24; *see also* CBP Allegation Assessment at p.1 (CBP 000039). Defendant-Intervenors also agree with the Government that Kingtom's claim that the evidence was stale is unavailing. CBP specifically considered [

], but the evidence indicated that [                              ]. *See* Government Brief at 24-25.  CBP considered the following evidence.

- [











  ].  CBP Allegation Assessment at p.18 (CBP 000056).  [







  ].  *Id.* at p.19 (CBP 000057).

- In [          ], CBP [











  ].  *Id.*

- CBP concluded that [





  ].  *Id.*

7

| | | |
|---|---|---|
| Ct. No. 24-00264 | **CONFIDENTIAL INFORMATION HAS BEEN DELETED** | NON-CONFIDENTIAL VERSION |

- CBP also did not find evidence of Kingtom [

   ] or [

   ] by Kingtom.  *Id.* at p.20 (CBP 000058).

Defendant-Intervenors submit that given the serious and widespread nature of the forced labor issues that CBP found, [                              ].  Indeed, the record included evidence that the Dominican Government shut down Kingtom's facilities again in July 2024 for labor law violations, as discussed in the Government's brief.  Government Brief at 25; *see also* Acento, Company Closed Down for Dangerous Work (July 26, 2024), P.R. 11.  CBP reasonably concluded based on the available evidence that [                    ], and the Government's forced labor finding is supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, Defendant-Intervenors respectfully request that the Court sustain CBP's determination and deny Plaintiff's motion for judgment on the agency record.

Respectfully submitted,

*/s/ Robert E. DeFrancesco, III*
Robert E. DeFrancesco, III, Esq.
Alan H. Price, Esq.
Laura El-Sabaawi, Esq.
Elizabeth S. Lee, Esq.
Enbar Toledano, Esq.
Kimberly A. Reynolds, Esq.
Paul A. Devamithran, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel for Aluminum Extruders Council and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union*

Dated: June 16, 2025

CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Defendant-Intervenors' Response to Plaintiff's Motion for Judgment on the Agency Record, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2016), is 2,146 words.

*/s/ Robert E. DeFrancesco, III*
(Signature of Attorney)

Robert E. DeFrancesco, III
(Name of Attorney)

Aluminum Extruders Council and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union
(Representative Of)

June 16, 2025
(Date)