Slip Op. 25-151

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **KINGTOM ALUMINIO S.R.L.,** | |
| Plaintiff, | |
| v. | |
| **UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; U.S. DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO N. MAYORKAS** *in his official capacity as Secretary of the U.S. Department of Homeland Security* **AND TROY A. MILLER** *in his official capacity as Acting Commissioner of U.S. Customs and Border Protection***,** | Before: Timothy M. Reif, Judge<br><br>Court No. 24-00264 |
| Defendants, | |
| and | |
| **ALUMINUM EXTRUDERS COUNCIL AND UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION,** | |
| Defendant-Intervenors. | |

## <u>OPINION</u>

[Denying defendants' motion for reconsideration.]

Dated: December 12, 2025

<u>Brady W. Mills</u>, <u>Donald B. Cameron, Jr.</u>, <u>Julie C. Mendoza</u>, <u>R. Will Planert</u>, <u>Mary S. Hodgins</u>, <u>Jordan L. Fleischer</u> and <u>Nicholas C. Duffey</u>, Morris, Manning & Martin LLP, of Washington, D.C., for plaintiff Kingtom Aluminio S.R.L.

<u>Monica P. Triana</u>, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for defendants United States, U.S.

Customs and Border Protection, U.S. Department of Homeland Security, Secretary Alejandro N. Mayorkas and Acting Commissioner Troy A. Miller.  With her on the briefs were <u>Brett A. Shumate</u>, Assistant Attorney General, <u>Patricia M. McCarthy</u>, Director, <u>Justin R. Miller</u>, Attorney-in-Charge, International Trade Field Office and <u>Aimee Lee</u>, Assistant Director.  Of counsel were <u>Tamari J. Lagvilava</u>, Office of the Chief Counsel, U.S. Customs and Border Protection, of Washington, D.C., and <u>Emma L. Tiner</u>, International Trade Litigation, U.S. Customs and Border Protection, of New York, N.Y.

<u>Robert E. DeFrancesco III</u>, <u>Alan H. Price</u>, <u>Laura El-Sabaawi</u>, <u>Elizabeth S. Lee</u> and <u>Paul A. Devamithran</u>, Wiley Rein LLP, of Washington, D.C., for defendant-intervenors Aluminum Extruders Council and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union.

*        *        *

Reif, Judge:  This action concerns the finding of U.S. Customs and Border Protection ("Customs") that Kingtom Aluminio S.R.L. ("plaintiff," or "Kingtom") engaged in forced labor practices pursuant to section 307 of the Tariff Act of 1930, as amended, 19 U.S.C § 1307.[1]  Compl. ¶ 1, ECF No. 5; *Notice of Finding That Aluminum Extrusions and Profile Products and Derivatives Produced or Manufactured Wholly or in Part by Kingtom Aluminio S.R.L. with the Use of Convict, Forced or Indentured Labor Are Being, or Are Likely To Be, Imported Into the United States* (the "*Finding*"), 89 Fed. Reg. 96,265 (Dec. 4, 2024).

The United States, the U.S. Department of Homeland Security and Customs (collectively, "defendants") move for reconsideration of the Court's decision in *Kingtom Aluminio S.R.L. v. United States*, Slip Op. 25-125, 2025 WL 2709428 (CIT Sep. 23, 2025), to vacate the *Finding*.  Defs.' Mem. of Law in Supp. of Mot. for Recons. ("Defs. Br."), ECF No. 67.  Plaintiff opposes defendants' motion.  Pl.'s Opp'n to Defs.' Mot. for Recons. ("Pl. Br."), ECF No. 69.

---

[1] References to the U.S. Code are to the 2018 edition.  Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code.

For the reasons discussed below, the court denies defendants' motion for reconsideration.

## BACKGROUND

The court presumes familiarity with the facts as discussed in *Kingtom Aluminio*. *See* 2025 WL 2709428, at *1-2.

On September 23, 2025, this Court held that the *Finding* was arbitrary and capricious and thereby was not in accordance with law based on the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. *See id.* The Court "vacate[d] the *Finding* and remand[ed] for Customs to explain further or reconsider its determination that Kingtom's imports 'are produced or manufactured in whole or in part with the use of convict, forced, or indentured labor' and 'are being, or are likely to be, imported into the United States.'" *Id.* at *6 (quoting *Finding*, 89 Fed. Reg. at 96,265).

On October 23, 2025, defendants moved for reconsideration of the Court's decision to vacate the *Finding*. *See* Defs. Br.

On November 20, 2025, the court held a teleconference with parties. Conference Call, ECF No. 75.

## JURISDICTION AND LEGAL FRAMEWORK

This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(i) because 19 U.S.C § 1307 is a "law of the United States providing for . . . embargoes." 28 U.S.C. § 1581(i)(1)(C).

Actions falling within the Court's "residual" jurisdiction as provided under § 1581(i) are subject to the standard of review set forth in the APA. *See Ninestar Corp. v. United States*, 48 CIT __, __, 687 F. Supp. 3d 1308, 1322 (2024). Under the APA,

courts are required to "hold unlawful and set aside agency action, findings, and

conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise

not in accordance with law" or "in excess of statutory jurisdiction, authority, or

limitations."  5 U.S.C. § 706(2).

Pursuant to U.S. Court of International Trade ("USCIT") Rule 54(b),

> [A]ny order or other decision . . . that adjudicates fewer than all the claims
> or the rights and liabilities of fewer than all the parties does not end the
> action as to any of the claims or parties and may be revised at any time
> before the entry of a judgment adjudicating all the claims and all the parties'
> rights and liabilities.[2]

In general, a court may grant a motion for reconsideration brought under USCIT

Rule 54(b) "as justice requires, meaning when the court determines that reconsideration

is necessary under the relevant circumstances."  *Irwin Indus. Tool Co. v. United States*,

41 CIT __, __, 269 F. Supp. 3d 1294, 1300-01 (2017) (internal quotation marks omitted)

(quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005)).  This Court has

stated that "grounds for reconsideration include 'an intervening change in the controlling

law, the availability of new evidence, the need to correct a clear factual or legal error, or

the need to prevent manifest injustice.'"  *Keystone Auto. Operations, Inc. v. United*

*States*, 49 CIT __, __, 781 F. Supp. 3d 1362, 1366 (2025) (quoting *Ford Motor Co. v.*

*United States*, 30 CIT 1587, 1588 (2006)).

"The court will not grant such a motion 'merely to give a losing party another

chance to re-litigate the case or present arguments it previously raised.'"  *Totes-Isotoner*

---

[2] USCIT Rule 54(b) is appropriate here "because active issues still exist in this action
and no final judgment has yet been issued."  *Keystone Auto. Operations, Inc. v. United
States*, 49 CIT __, __, 781 F. Supp. 3d 1362, 1366 (2025).

*Corp. v. United States*, 32 CIT 1172, 1173, 580 F. Supp. 2d 1371, 1374 (2008) (quoting

*Salmon Spawning & Recovery All. v. Basham*, 31 CIT 706 (2007)); *Keystone Auto.*, 49

CIT at __, 781 F. Supp. 3d at 1366.

## DISCUSSION

Defendants argue that "[j]ustice requires reconsideration of the decision to vacate

the *Finding* . . . because the decision to vacate the *Finding* was based on both a

mistake of fact and a mistake in the law." Defs. Br. at 9. The court will address each

purported mistake in turn.

## I.    Purported mistake of fact

The court concludes that defendants fail to establish a mistake of fact that would

necessitate reconsideration.

Defendants argue that "with respect to the facts identified in the Court's order,

the Court appeared to conflate the verification proceedings with the forced labor

investigation, erroneously noting that the findings of the forced labor investigation were

based on the determination in the [Enforce and Protect Act ("EAPA")] verification." *Id.*

Defendants take issue with the following passage from the previous opinion:

> The aforementioned allegation assessment is insufficient as well. The
> assessment describes the labor conditions at plaintiff's facility during the
> EAPA on-site verification. *See* PAR, Doc. No. 8.6 at 15-16. However,
> because the allegation assessment predates the forced labor investigation
> itself and does not allege specifically the existence of forced labor, the court
> is unable to "reasonably discern[]" the connection between the factual
> allegations in the allegation assessment and the determination in the
> *Finding*. *See id.*

*Kingtom Aluminio*, 2025 WL 2709428, at *6. Defendants assert that the Court's

statement "is not accurate" because "[t]he allegation assessment, dated July of 2024,

was the culmination of the forced labor investigation, which began after the EAPA

verification concluded in 2021." Defs. Br. at 10.

Defendants' assertion as to accuracy is correct: the Court misattributed the

description of labor conditions in the on-site verification report to the allegation

assessment that resulted from the forced labor investigation. That said, the court

concludes that the error was harmless and does not rise to the level of a "clear

factual . . . error" such that reconsideration would be necessary. *Keystone Auto.*, 49

CIT at __, 781 F. Supp. 3d at 1366.

This Court has stated that a "motion for reconsideration should not be granted in

circumstances in which an error is found to be harmless." *Eregli Demir Ve Celik*

*Fabrikalari T.A.S. v. U.S. Int'l Trade Comm'n*, 47 CIT __, __, 639 F. Supp. 3d 1245,

1252 (2023); *see also Ford Motor Co.*, 30 CIT at 1588.

And USCIT Rule 61, the Court's "harmless error" rule, provides that:

> Unless justice requires otherwise, no error in admitting or excluding
> evidence — or any other error by the court or a party — is ground for granting
> a new trial, for setting aside a verdict, or for vacating, modifying, or
> otherwise disturbing a judgment or order. At every stage of the proceeding,
> the court must disregard all errors and defects that do not affect any party's
> substantial rights.

In the passage from the previous opinion excerpted above, the Court identified

inadvertently the "allegation assessment" as insufficient to support the *Finding*.

However, the intention of the Court was to identify the EAPA on-site verification report

as insufficient because that document comprises part of the public administrative record

("PAR"). This intention is evinced by the Court's citation to the on-site verification

report, not the allegation assessment. *See Kingtom Aluminio*, 2025 WL 2709428, at *6

(citing PAR, Doc. No. 8.6, ECF No. 33).  And the Court's discussion immediately prior to

the disputed passage discussed the inadequacy of the PAR when compared to the PAR

in an analogous forced labor case.  *See id.* at *5.  It would not have made sense for the

Court to analyze the merits of the allegation assessment because the allegation

assessment comprised part of the sealed *confidential* administrative record, which was

not relevant to the court's conclusion that the *Finding* was arbitrary and capricious.  *See

id.* at *4-5; *see also* Confidential Administrative R., ECF No. 34.

    For that reason, the analysis and conclusion of the previous opinion are

undisturbed by the Court's harmless misidentification of the on-site verification report.

*Cf. Trent Tube Div., Crucible Materials Corp. v. United States*, 14 CIT 466, 468, 741 F.

Supp. 227, 230 (1990) (concluding that there was no reason to disturb a prior judgment

that cited to the incorrect version of a statute where the "underlying rationale remained

the same").

    In conclusion, defendants fail to identify a "clear factual . . . error" that would

provide the basis for reconsideration.  *Ford Motor Co.*, 30 CIT at 1588.  The court will

issue an errata sheet for the previous opinion.

## II.    Purported mistake of law

    The court concludes that defendants fail also to establish any mistake of law that

would necessitate reconsideration.

    Defendants argue that in the previous opinion, "the Court did not consider the

two-prong test set forth by the Federal Circuit to determine whether vacatur is the

proper remedy when an administrative decision is on remand."  Defs. Br. at 11.

Defendants refer to the test set forth by the U.S. Court of Appeals for the Federal Circuit

("Federal Circuit") in *Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.*

("*NOVA*"), 260 F.3d 1365 (Fed. Cir. 2001).  In that case, the Federal Circuit stated that

"[w]hen deciding whether to vacate an agency's decision pending further explanation," a

court should consider "the seriousness of the order's deficiencies . . . and the disruptive

consequences of an interim change that may itself be changed."  *Id.* at 1380 (internal

quotation marks omitted) (second alteration in original) (quoting *A.L. Pharm., Inc. v.*

*Shalala*, 62 F.3d 1484, 1492 (D.C. Cir. 1995)).

Still, this Court has recognized that "remand with vacatur is the default remedy

for agency actions deemed unlawful under [5 U.S.C.] § 706(2)(A)."  *Maui and Hector's*

*Dolphin Defs. NZ Inc. v. NMFS* ("*Dolphin Defenders*"), Slip Op. 25-113, 2025 WL

2452468, at *13 (CIT Aug. 26, 2025); *Ninestar Corp. v. United States*, 48 CIT __, __

n.25, 687 F. Supp. 3d 1308, 1337 n.25 (2024) (noting that "remand without vacatur

remains a rare remedy").  There was no reason for the court to consider "whether to

vacate" the *Finding* because defendants did not respond to plaintiff's request for vacatur

at the motion for judgment on the agency record stage.  *NOVA*, 260 F.3d at 1380.

Recently in *Dolphin Defenders*, the Court applied the *NOVA* test where the

government contended that "if the Court decides the motion in favor of Plaintiff, the

proper remedy is to remand the case to [the agency] for further consideration of its

determinations" without vacatur.  *Dolphin Defenders*, 2025 WL 2452468, at *12.  And in

*Ninestar*, the Court discussed the issue of remand without vacatur where the

government argued that "[e]ven if Ninestar's challenges have merit . . . remand without

vacatur is the appropriate remedy."  *Ninestar*, 48 CIT at __ n.25, 687 F. Supp. 3d at

1337 n.25.

Such an argument is altogether missing from defendants' response brief in

opposition to the motion for judgment on the agency record, even though plaintiff

requested vacatur of the *Finding* in its opening brief and complaint.  *See* Defs. Resp. in

Opp'n to Pl.'s Mot. for J. on the Agency R., ECF No. 48; Pl.'s Br. in Supp. of its Mot. for

J. on the Agency R. at 31, ECF No. 46 ("Kingtom respectfully requests that this Court

grant this motion and . . . hold the *Finding* unlawful and set it aside."); *see also* Compl.

at 10 ("Plaintiff respectfully prays that the Court . . . [h]old unlawful and set aside

Customs' actions, findings and conclusions in the *Finding* . . . .").  The court reads

defendants' initial silence as acquiescence to the default remedy under the APA —

remand *with* vacatur — in the event that the court ruled that the *Finding* was unlawful.

Defendant-intervenors cite *HMTX Indus. LLC v. United States*, 156 F.4th 1236,

1258 (Fed. Cir. 2025), in which the Federal Circuit noted that "vacatur is not always

required when an agency has provided inadequate reasoning for its actions."  *Id.* at *15.

But the fact that "vacatur is not always required" does not mean that a court must

consider whether vacatur is required in every instance of arbitrary and capricious

agency action, particularly where vacatur is the default remedy and parties do not raise

the issue.  That is the case here.

In addition, it is well-established that "an argument made for the first time in a

motion for reconsideration comes too late, and is ordinarily deemed waived and not

preserved for appeal."  *Bluebonnet Sav. Bank, F.S.B. v. United States*, 466 F.3d 1349,

1361 (Fed. Cir. 2006); *see also Golden Bridge Tech., Inc. v. Apple Inc.*, 758 F.3d 1362,

1369 (Fed. Cir. 2014) (noting that "new arguments are beyond the scope of a motion for

reconsideration"); *Hazani v. U.S. Int'l Trade Comm'n*, 126 F.3d 1473, 1476-77 (Fed. Cir.

1997) ("We find no legal error in the administrative law judge's determination that the arguments that Hazani raised for the first time on reconsideration were untimely and could properly be rejected on that ground alone."); *accord Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004).

Defendants' mistake of law argument fails because the court did not err in the first place. Accordingly, the court declines to reconsider its ruling in *Kingtom Aluminio*.

**CONCLUSION**

For the reasons discussed above, it is hereby

**ORDERED** that defendants' motion for reconsideration is **DENIED**.

/s/     Timothy M. Reif<br>Timothy M. Reif, Judge

Dated: <u>December 12, 2025</u>
    New York, New York