**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE TIMOTHY M. REIF, JUDGE**

KINGTOM ALUMINIO S.R.L.,

       Plaintiff,

    v.

UNITED STATES OF AMERICA;
DEPARTMENT OF HOMELAND
SECURITY; U.S. CUSTOMS AND
BORDER PROTECTION; MARKWAYNE
MULLIN, Secretary, U.S. Department of
Homeland Security; RODNEY S. SCOTT,
Commissioner, U.S. Customs and Border
Protection,

       Defendants,

    and

ALUMINUM EXTRUDERS COUNCIL;
UNITED STEEL, PAPER AND
FORESTRY, RUBBER, AND
MANUFACTURING and SERVICE
WORKERS INTERNATIONAL UNION,

       Defendant-Intervenors.

**NON-CONFIDENTIAL VERSION**
Proprietary Information Removed
From Pages 2, 4, 7 and 9 and Attachments 1 to 5

No. 24-cv-00264-TMR

**PLAINTIFF'S MOTION TO ENFORCE VACATUR**

/s/ Brady W. Mills
Brady W. Mills
R. Will Planert
Mary S. Hodgins
Jordan L. Fleischer
Nicholas C. Duffey

**TAFT STETTINIUS & HOLLISTER LLP**
1333 New Hampshire Ave, N.W., Suite 800
Washington, D.C. 20036
(202) 216-4116

*Counsel to Plaintiff*

April 9, 2026

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PLAINTIFF'S MOTION TO ENFORCE VACATUR ................................................................ 1

     A.     *Background and Procedural History*...................................................................... 2

     B.     *Jurisdiction* ............................................................................................................ 4

     C.     *Argument*................................................................................................................ 5

     D.     *Conclusion and Relief Requested*.......................................................................... 7

ATTACHMENT LIST................................................................................................................ 8

PROPOSED ORDER.................................................................................................................. 9

CERTIFICATE OF SERVICE ................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Comm. Overseeing Action for Lumber Int'l Trade Investigations v. United States*,
535 F. Supp. 3d 1336 (Ct. Int'l Trade 2021) ...............................................................6

*GPX Int'l Tire Corp. v. United States*,
70 F. Supp. 3d 1266 (2015) ....................................................................................5, 6

*Gehrig, Hoban & Co., Inc. v. United States,*
76 Cust. Ct. 277 (1976)................................................................................................6

*United States Steel Corp. v. United States*,
348 F. Supp. 3d 1248 (Ct. Int'l Trade 2018) ..........................................................5, 6

*United States v. Hanover Ins. Co.*,
82 F.3d 1052 (Fed. Cir. 1996)................................................................................5, 6

**Statutes**

5 U.S.C § 706................................................................................................................3, 4, 6

19 U.S.C. § 1307.................................................................................................................2

19 U.S.C. § 1618.................................................................................................................2

28 U.S.C. § 1367(a) ...........................................................................................................5

28 U.S.C. § 1585................................................................................................................4

**Other Authorities**

19 C.F.R. § 171.................................................................................................................2

Black's Law Dictionary (8th ed. 2004)..............................................................................6

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE TIMOTHY M. REIF, JUDGE**

| | |
|---|---|
| KINGTOM ALUMINIO S.R.L.,<br><br>      Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; U.S. CUSTOMS AND BORDER PROTECTION; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; RODNEY S. SCOTT, Commissioner, U.S. Customs and Border Protection,<br><br>      Defendants,<br><br>   and<br><br>ALUMINUM EXTRUDERS COUNCIL; UNITED STEEL, PAPER AND FORESTRY, RUBBER, AND MANUFACTURING and SERVICE WORKERS INTERNATIONAL UNION,<br><br>      Defendant-Intervenors. | No. 24-cv-00264-TMR |

## PLAINTIFF'S MOTION TO ENFORCE VACATUR

Pursuant to Rule 7 of the U.S. Court of International Trade, Plaintiff Kingtom Aluminio S.R.L. ("Plaintiff" or "Kingtom") hereby moves for a court order to enforce the vacatur in this matter. Specifically, Kingtom moves that this Court order U.S. Customs and Border Protection ("Customs") to release merchandise that it seized between December 2024 and February 2025 pursuant to the *Notice of Finding That Aluminum Extrusions and Profile Products and Derivatives Produced or Manufactured Wholly or in Part by Kingtom Aluminio S.R.L. With the Use of Convict, Forced or Indentured Labor Are Being, or Are Likely To Be, Imported Into the United States*, 89 Fed. Reg. 96,265 (U.S. Customs and Border Protection Dec. 4, 2024) ("*Finding*"). The seized merchandise that Kingtom seeks to have released is identified and described in the notices of seizure that Kingtom received for Seizure Case Numbers

[

], which Kingtom provides in

**Attachment 1**.  The *Finding* pursuant to which such merchandise is seized has been vacated by

the Court and the seized merchandise must therefore be released pursuant to that vacatur.

A.      *Background and Procedural History*

On December 4, 2024, Customs' found that aluminum extrusion products produced by

Kingtom were wholly or in part with the use of forced labor, and that such products are being, or

likely to be, imported into the United States purportedly in violation of 19 U.S.C. § 1307.  *See*

*Finding*, 89 Fed. Reg. at 96,265.  Between December 2024 and February 2025, Customs seized

[       ] aluminum tubes, [       ] aluminum profiles, and **[       ]** aluminum hollow

profiles produced by Kingtom ("seized merchandise") pursuant to the *Finding* as shown in the

notices of seizure attached hereto as **Attachment 1**.  In response to the notices of seizure,

Kingtom filed two administrative petitions with Customs seeking release of the seized

merchandise pursuant to Section 618 of the Tariff Act of 1930 and 19 C.F.R. §§ 171.1-2.  *See*

19 U.S.C. § 1618; 19 C.F.R. §§ 171.1-2.  In its administrative petitions (which are provided in

**Attachment 2**), Kingtom requested that Customs cease the seizure of the seized merchandise

and release the seized merchandise to Kingtom.  *See* Letter from Morris, Manning & Martin LLP

to U.S. Customs and Border Protection, "Kingtom Aluminio S.R.L. Petition for Relief from

Seizure" (Mar. 25, 2025) ("First Petition"); *See* Letter from Morris, Manning & Martin LLP to

U.S. Customs and Border Protection, "Kingtom Aluminio S.R.L. Petition for Relief from

Seizure" (Mar. 28, 2025) ("Second Petition").  A summary table of the seizures by petition and

seizure case number is also provided in **Attachment 2**.

On May 5, 2025, Kingtom moved for judgment on the agency record in this matter

pursuant to U.S. Court of International Trade Rule 56.1 and requested that the Court set aside the

2

*Finding*.  *See* Mot. for J. on the Ag. R. and Br. in Support at 31, *Kingtom Aluminio S.R.L. v. United States*, No. 24-cv-00264-TMR (May 5, 2025), ECF No. 46 ("Kingtom's 56.1 Motion" or "Kingtom's 56.1 Brief").  On September 23, 2025, the Court granted Kingtom's motion for judgment on the agency record in part and, consistent with the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, vacated the *Finding*.  *Kingtom Aluminio S.R.L. v. United States*, 805 F. Supp. 3d 1317 (Ct. Int'l Trade Sept. 23, 2025), ECF No. 61 ("*Kingtom Aluminio I*").  The Court concluded that the *Finding* was arbitrary and capricious because Customs "failed to 'articulate a satisfactory explanation for its action' based on a 'rational connection between the facts found and the choice made.'"  *Kingtom Aluminio I*, 805 F. Supp. 3d at 1325.

On October 1, 2025, Kingtom supplemented its administrative petitions to notify Customs' Fines, Penalties, and Forfeitures office of the Court's decision and the vacatur of the *Finding*.  Letter from Morris, Manning & Martin LLP to U.S. Customs and Border Protection, "Kingtom Aluminio S.R.L. Supplement to Petition for Relief from Seizure" (October 1, 2025); Letter from Morris, Manning & Martin LLP to U.S. Customs and Border Protection, "Kingtom Aluminio S.R.L. Supplement to Petition for Relief from Seizure" (Oct. 1, 2025) (collectively referred to as the "First Supplement" to Kingtom's petitions).  The First Supplement to Kingtom's administrative petitions is provided in **Attachment 3**.

On October 23, 2025, Customs moved for the Court to reconsider its decision to vacate the *Finding*.  *See* Defendants' Mem. of Law in Support of Mot. For Reconsideration, *Kingtom Aluminio S.R.L. v. United States*, No. 24-cv-00264-TMR (Oct. 23, 2025), ECF No. 68 ("Motion for Reconsideration").  In its Motion for Reconsideration, Customs acknowledged that "Kingtom has filed petitions seeking release of previously seized goods on the basis of the Court's opinion."  Defendants' Motion for Reconsideration at 15 n.10.  On December 12, 2025, the Court denied Defendants' Motion for Reconsideration.  *Kingtom Aluminio S.R.L. v. United*

3

*States*, No. 24-cv-00264-TMR, Slip Op. 25-151, 2025 WL 3564814 (Ct. Int'l Trade Dec. 12, 2025), ECF No. 77 ("*Kingtom Aluminio II*").  The Court explained that "remand with vacatur is the default remedy for agency actions deemed unlawful under {5 U.S.C.} § 706(2)(A)."  *Kingtom Aluminio II*, 2025 WL 3564814 at *4.

Also on December 12, 2025, Kingtom filed a second supplement to its administrative petitions.  *See* Letter from Morris, Manning & Martin LLP to U.S. Customs and Border Protection, "Kingtom Aluminio S.R.L. Supplement to Petition for Relief from Seizure" (Dec. 12, 2025); Letter from Morris, Manning & Martin LLP to U.S. Customs and Border Protection, "Kingtom Aluminio S.R.L. Petition for Relief from Seizure" (Dec. 12, 2025) (collectively referred to as the "Second Supplement" to Kingtom's petitions).  The Second Supplement is provided in **Attachment 4**.  In its Second Supplement, Kingtom informed the Fines, Penalties and Forfeitures office of the Court's decision in *Kingtom Aluminio II*.  To date, no response from Customs regarding the petitions has been received and Kingtom has not received notice that the seized merchandise has been released.  *See* **Attachment 5**.[1]

In addition to the petitions and supplements, counsel contacted Customs by telephone pursuant to the instructions on the seizure notices on January 21, 2026, April 3, 2026, and April 7, 2026 regarding the seizures.  Customs has not returned counsel's phone calls.

    *B.*    *Jurisdiction*

The Court possesses "all the powers in law and equity of, or as conferred by statute upon, a district court of the United States."  28 U.S.C. § 1585.  "District courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original

---

[1] Kingtom notes that **[**

**]**.

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court "has the inherent power to determine the effect of its judgments and issue injunctions to protect against attempts to attack or evade those judgments." *United States v. Hanover Ins. Co.*, 82 F.3d 1052, 1054 (Fed. Cir. 1996). Where a party's conduct is in violation, or evasive, of a prior judgment," the Court "also has authority to enjoin that conduct regardless of whether the conduct amounts to civil contempt." *Hanover*, 82 F.3d at 1054. Whether "administrative actions {are} contrary to {a} prior order… falls squarely within the court's inherent power to determine the effect of its prior judgments." *Hanover*, 82 F.3d at 1054. Accordingly, this Court retains jurisdiction to determine whether the failure to release merchandise seized pursuant to the *Finding* that the Court vacated violates its order of vacatur in this matter.

> C.     *Argument*

The Court should order Customs to release the merchandise seized pursuant to the *Finding* because the Court ordered that *Finding* vacated. A motion to enforce judgment will be granted by this Court "when a prevailing plaintiff demonstrates that a defendant has not complied with a judgment entered against it, even if the noncompliance was due to misinterpretation of the judgment." *GPX Int'l Tire Corp. v. United States*, 70 F. Supp. 3d 1266, 1272 (2015); *see also United States Steel Corp. v. United States*, 348 F. Supp. 3d 1248, 1254 (Ct. Int'l Trade 2018). Here, the Court has ordered that the *Finding* is vacated and yet Customs has failed to release merchandise that was seized pursuant to the *Finding*. Accordingly, Customs has not complied with the Court's order vacating the *Finding*.

The Court has enforced prior orders when they have not been followed, and should accordingly order that the vacatur be followed here. In *Hanover*, the Federal Circuit sustained the trial court's decision that Customs could not administratively demand payment from the

5

defendant surety company despite the court's prior order in that case dismissing Customs' claims for the unpaid duties. *Hanover*, 82 F.3d at 1054-56. In *GPX Int'l Tire Corp. v. United States*, the court granted plaintiff's motion to enforce judgment where the U.S. Department of Commerce did not update plaintiff's cash deposit rate pursuant to the court's order that sustained the remand results at issue in that case. 70 F. Supp. 3d 1266, 1270, 1278 (Ct. Int'l Trade 2015); *see also United States Steel Corp.*, 348 F. Supp. 3d at 1261 (finding that the government failed to comply with the court's judgment when it declined to revise the all-others antidumping duty rate using the remand results rates for the mandatory respondents). In *Heraeus-Amersil, Inc. v. United States*, the court ordered plaintiff to return money that had been mistakenly refunded by Customs when it implemented the court's order granting summary judgment in that case. 638 F. Supp. 342, 344 (Ct. Int'l Trade 1986). In *Gehrig, Hoban & Co., Inc. v. United States*, the court granted the government's motion for sanctions because the plaintiff had not fully complied with the court's order compelling discovery of certain material in that case. 76 Cust. Ct. 277, 280-281 (1976). These cases show that the Court has the authority to enforce an order when a party fails to comply.

As in these prior cases, the Court's order has not been followed. The Court vacated and set aside the *Finding* in this matter pursuant to the Administrative Procedure Act. *Kingtom Aluminio I*, 805 F. Supp. 3d at 1320-21, 1325 (citing 5 U.S.C. § 706(2)). The vacatur nullified, voided, and invalidated the *Finding* that Kingtom produced merchandise with forced labor. *See* Black's Law Dictionary (8ᵗʰ ed. 2004) (defining "vacate" as "to nullify or cancel; make void; invalidate"); *see also Comm. Overseeing Action for Lumber Int'l Trade Investigations v. United States*, 535 F. Supp. 3d 1336, 1356 n.25 (Ct. Int'l Trade 2021) (noting that the phrase "set aside" means to "restore{} the *status quo ante*"), *rev'd on other grounds*, 66 F.4th 968 (Fed. Cir. 2023). Despite the vacatur of the *Finding* and Kingtom twice notifying Customs of the vacatur,

6

Customs has not released merchandise that it seized pursuant to its *Finding*. *See* **Attachments 1, 3-5**. Customs' failure to release the seized merchandise does not comply with the Court's order in *Kingtom Aluminio I* that vacates the *Finding*. The Court should enforce its vacatur in this case by ordering Customs to release the merchandise it seized pursuant to the vacated *Finding*.

D.      *Conclusion and Relief Requested*

For the foregoing reasons and pursuant to the Court's September 23, 2025 Opinion and Order, Plaintiff respectfully moves the Court to order Customs to release the seized merchandise in Seizure Case Numbers **[**

**]** and

described in **Attachment 1**. A proposed order is attached to this motion.

Respectfully submitted,

/s/ Brady W. Mills
Brady W. Mills
R. Will Planert
Mary S. Hodgins
Jordan L. Fleischer
Nicholas C. Duffey

**TAFT STETTINIUS & HOLLISTER LLP**
1333 New Hampshire Ave, N.W., Suite 800
Washington, D.C. 20036
(202) 216-4116
*Counsel to Plaintiff*

April 9, 2026

7

8

## ATTACHMENT LIST

| Attachment No. | Description |
|---|---|
| Attachment 1 | Notices of Seizure from U.S. Customs and Border Protection |
| Attachment 2 | Petitions for Relief from Seizure Filed By Kingtom Aluminio S.R.L. |
| Attachment 3 | First Supplement to Kingtom's Petitions for Relief From Seizure |
| Attachment 4 | Second Supplement to Kingtom's Petitions for Relief From Seizure |
| Attachment 5 | Declaration of Kingtom Aluminio S.R.L. |

NON-CONFIDENTIAL VERSION

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE TIMOTHY M. REIF, JUDGE**

| | |
|---|---|
| KINGTOM ALUMINIO S.R.L., <br><br>            Plaintiff, <br><br>       v. <br><br> UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; U.S. CUSTOMS AND BORDER PROTECTION; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; RODNEY S. SCOTT, Commissioner, U.S. Customs and Border Protection, <br><br>            Defendants, <br><br>       and <br><br> ALUMINUM EXTRUDERS COUNCIL; UNITED STEEL, PAPER AND FORESTRY, RUBBER, AND MANUFACTURING and SERVICE WORKERS INTERNATIONAL UNION, <br><br>            Defendant-Intervenors. | No. 24-cv-00264-TMR |

**PROPOSED ORDER**

Upon consideration of Plaintiff's motion and all other papers and proceedings, it is hereby:

ORDERED that Plaintiff's motion is granted; and it is further

ORDERED that Customs shall, within fourteen days of this order, release the merchandise seized in Seizure Case Numbers [

].

SO ORDERED.

Dated: _____          _____
          New York, New York                  Timothy M. Reif, Judge

9

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Rules of the U.S. Court of International Trade and Administrative Order 25-01, I, Brady W. Mills, hereby certify that I served the foregoing submission on the following individuals. The confidential version is being served in hardcopy by U.S. mail. The public version is being served electronically through the court's electronic filing system.

On behalf of the United States
Monica Perrette Triana
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza
New York, NY 10278
Email: monica.p.triana@usdoj.gov

On behalf of U.S. Customs and Border Protection
Tamari J. Lagvilava
U.S. Customs and Border Protection
Office of the Chief Counsel
1300 Pennsylvania Avenue, NW
Washington, DC 20229
Email: tamari.j.lagvilava@cbp.dhs.gov

On Behalf of the Aluminum Extruders Council and the United Steel, Paper and Forestry, Rubber, and Manufacturing and Service Workers International Union
Robert Edward DeFrancesco, III
Wiley Rein, LLP
2050 M Street, NW.
Washington, DC 20036
Email: rdefrancesco@wiley.law

/s/ Brady W. Mills

April 9, 2026
Date

10